The opinion of the Court was delivered by
Kennedy, J.
—Whether the omission to name the executors, by their proper names could have been taken advantage of by plea in abatement or by writ of error, as suggested by the district court, is a question unnecessary to be answered here, as we are of opinion that the objections set up by the .plaintiff’s counsel to the sheriff’s sale are untenable. The defendants’ in the judgments under which it was made, being described and designated in the record thereof by the name of “ Ephraim Jones’s executors,” is at least a sufficient index to enable any one to discover and ascertain who the individuals were that held the office. It was only to turn from the record of the judgments remaining in the protbonotary’s office to the probate and registry made of the will in the register’s office, where, with the entry of letters testamentary granted thereon to the executors by their proper names, all this was, and still is, to be seen on record ; so that the designation of the defendants in these judgments appears to be certain enough, according to the maxim of id cerium est quod cerium reddi potest, and sufficient to bar a recovery in future for the same cause in any other shape or form. Accordingly a scire facias was maintained against executors upon a recognizance, without naming them by their proper names. Theobald’s Dig., lib. 6, cap. 2, sec. 4, fol. 92, for which H. 41, E. 3, Briefe 539, is cited. This authority is also recognized in 1 Com. Dig., tit. Abatement, F. 17, p. 88.
Next, with regard to the second objection, we think there is not the slightest ground for sustaining it; because, the defendants in the judgments being sued by the name of “ Ephraim Jones’s executors,” *418 without mentioning their proper names, it would seem as if they were intended to be sued exclusively in their representative character and required to answer only to such demands as the plaintiff had against the estate of Ephraim Jones ; and having confessed judgment generally, before the justice, it must be taken as a judgment against them in each case to be levied of the estate of Ephraim Jones their testator, and therefore binding upon it. The levy upon, and sale of, the lot in dispute, was therefore valid, and passed a good title to the purchaser, under whom the defendant claims.
Judgment affirmed.